UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROLAND CASILLAS, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. SA-17-CV-200-XR |
| CITIMORTGAGE, INC., | § § § | |
| *Defendant.* | § § | |

**ORDER**

On this day, the Court considered Defendant CitiMortgage, Inc.'s Motion to Dismiss (Docket no. 3). After careful consideration, the Court GRANTS the motion.

**BACKGROUND**

Plaintiff Roland Casillas filed suit in the 224th Judicial District Court of Bexar County, Texas on March 7, 2016. Docket no. 1 at 1. Plaintiff, a Texas resident, alleges that he owns "Lot 6, Block 5, the Hills of Shanefield Subdivision, Unit 2, Bexar County, Texas, According to Plat Recorded in Volume 9568, Page 180, Deed and Plat Records, Bexar County, Texas." Docket no. 1-3 at 2. Plaintiff financed the purchase of the property by granting deeds of trust and promissory notes, which have been transferred numerous times since the loans were originally made. *Id.* Defendant, a New York corporation with its principal place of business in Missouri, is the current holder of the loans. *Id.* Plaintiff alleges that his spouse received notice from Defendant on March 5, 2017 about a foreclosure sale of the property scheduled to take place at 10:00 AM on March 7, 2017. Docket no. 1-3 at 2.

In addition to filing suit on March 7, Plaintiff applied for a temporary restraining order and a permanent injunction to prevent Defendant from foreclosing on the property. *Id.* at 3. The

state court granted the temporary restraining order that day. Docket no. 1-4. Defendant removed this case to this Court on March 14[1] and filed its Motion to Dismiss on March 20. Docket no. 3. Plaintiff did not respond to the Motion to Dismiss and the time for doing so has expired.

## DISCUSSION

### I. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

### II. Analysis

Defendant argues that Plaintiff has failed to state a cause of action. Docket no. 3 at 2. The Court agrees. *See* Docket no. 1-3. Plaintiff simply alleges that "the Foreclosure Notice was legally ineffective, not timely mailed, [and] improper," and that there are substantial

---

[1] Because Plaintiff's complaint seeks to prevent foreclosure, Docket no. 1-3 at 3, the value of the property determines the amount in controversy for establishing diversity jurisdiction. *Nationstar Mortg. LLC v. Knox*, 351 F. App'x. 844, 848 (5th Cir. 2009); *Valadez v. Bank of Am.*, SA-13-CA-271-XR, 2013 WL 3559145, at *3 (W.D. Tex. July 11, 2013). According to county tax records, this property has a fair market value of $158,360. Docket no. 1-8. Thus, the amount in controversy exceeds the $75,000 requirement. 28 U.S.C. § 1332.

controversies regarding the amount of arrears owed on the loan and whether the scheduled March 7 foreclosure sale would go forward. *Id*. at 2. Plaintiff requested that the state court grant a temporary restraining order to prevent Defendant from holding the foreclosure sale or otherwise taking steps to foreclose on the property. *Id*. He does not otherwise identify a cause of action in his complaint. *See generally id*.

Declaratory and injunctive relief are procedural devices only; they fail unless tied to a viable cause of action. *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937) (noting that declaratory relief is a procedural device for granting a remedy and does not create any substantive rights or causes of action); *Pajooh v. Harmon,* 82 F. App'x 898, 899 (5th Cir. 2003) (affirming a district court's denial of injunctive relief when a plaintiff failed to state a claim). Plaintiff alleges no facts asserting a cause of action against Defendant, and by failing to state a cause of action, Plaintiff has not provided a short and plain statement showing that he is entitled to the declaratory or injunctive relief he seeks. *See* FED. R. CIV. P. 8(a)(2). Accordingly, Defendant's motion to dismiss for failure to state a claim should be granted. *See* FED. R. CIV. P. 12(b)(6).

Even assuming Plaintiff intended to assert a breach of contract claim, he has failed to do so. To state a breach of contract claim, Plaintiff needed to allege that: (1) there was a valid, enforceable contract; (2) the plaintiff performed, tendered performance, or was excused from performing his contractual obligations; (3) the defendant breached the contract; and (4) the defendant's breach caused the plaintiff injury. *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citing *Valero Mktg. & Supply Co. v. Kalama Intern.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). Plaintiff does not allege the existence of a valid contract that Defendant breached in the first place. Docket no. 1-3 at 2. Moreover, Plaintiff

claimed that he was harmed by Defendant's lack of notice regarding the foreclosure sale, but failed to allege that he performed his own contractual obligations. *Id.*; *see* Docket no. 3 at 4-5. Accordingly, the Court finds that Plaintiff has not alleged sufficient facts to maintain his breach of contract claim.

Additionally, Plaintiff fails to state a wrongful foreclosure claim. In order to state a wrongful foreclosure claim, Plaintiff must show: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Miller v. BAC Home Loans Servicing, L.P.* 726 F.3d 717, 726-27 (5th Cir. 2013). At best, Plaintiff has alleged the first element, but has not alleged the second and third. *See* Docket no. 1-3 at 2. It is undisputed that the foreclosure sale did not occur. Docket no. 1-4. "A claim for wrongful foreclosure requires that the property in question be sold at a foreclosure sale. Here, Plaintiff[ ] cannot state a claim for wrongful foreclosure because no foreclosure sale has occurred." *Marsh v. Wells Fargo Bank*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011) (internal citations omitted). Because Plaintiff has not alleged that the property was sold, any claim for wrongful foreclosure fails.

Last, Plaintiff fails to state a cause of action for an accounting. He alleges that "substantial confusion exists with respect to . . . the amount of arrears owed." Docket no. 1-3 at 2. Courts find that an "[a]ccounting is appropriate when 'the facts and accounts presented are so complex adequate relief may not be obtained at law.'" *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 243 (5th Cir. 2014) (quoting *T.F.W. Mgmt, Inc. v. Westwood Shores Prop. Owners Ass'n*, 79 S.W.3d 712, 717 (Tex. App.—Houston [14th Dist.] 2002, pet. denied)). Plaintiff's conclusory statement that "substantial confusion" exists, however, does not contain any

allegation that the facts and accounts are so complex that adequate relief at law cannot be obtained. As a result, Plaintiff has failed to state a claim for an accounting.

## **CONCLUSION**

Plaintiff's complaint does not identify a cause of action, and any possible causes of action that can be gleaned from the complaint are inadequately alleged. As a result, Defendant's Motion to Dismiss (Docket no. 3) is GRANTED.

It is so ORDERED.

SIGNED this 13th day of April, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE